IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM K. OYADOMARI, | ) CIVIL NO. 16-00141 DKW-RLP |
| | ) |
| Plaintiff, | ) FINDINGS AND RECOMMENDATION THAT |
| | ) THE DISTRICT COURT DISMISS THE |
| vs. | ) COMPLAINT WITH LEAVE TO AMEND |
| | ) AND DENY PLAINTIFF'S APPLICATION |
| CHARLES "CHIP" WILSON, | ) TO PROCEED WITHOUT PREPAYING |
| | ) FEES |
| Defendant. | ) |

FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT
DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES[1]

Before the Court is Plaintiff William K. Oyadomari's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"), filed on April 6, 2016. ECF No. 4. After careful consideration, the Court FINDS AND RECOMMENDS that the district DISMISS this action without prejudice and DENY the Application.

BACKGROUND

On March 30, 2016, Plaintiff filed a Complaint alleging that Defendant cashed Plaintiff's Social Security check without Plaintiff's permission while Plaintiff was incarcerated. ECF No. 1. Plaintiff states that Defendant was his "rep-payee for Social

---

[1] Within fourteen days after a party is served with a copy of the Findings and Recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections in the United States District Court. A party must file any objections within the fourteen-day period allowed if that party wants to have appellate review of the Findings and Recommendation. If no objections are filed, no appellate review will be allowed.

Security." Id.  Plaintiff states that "[check] fraud - signing with intent to rob is a federal offense.  Can be punished by federal law." Id.  Plaintiff states that he had to "forfeit one social security check to payback federal social security" and that his total payback was $741.00 Id. at 1-2.  Plaintiff states that he made a police report and that Defendant admitted that he cashed Plaintiff's check in front of Honolulu Police Department officers. Id. at 1.  Plaintiff requests reimbursement from Defendant and "possible jail time sentencing" for Defendant. Id. at 2.  Plaintiff also states that Defendant is an informant for the police so the police refused to apprehend Defendant for check fraud. Id.

Plaintiff's Application states that he is not employed, receives $721.00 a month from Social Security, and has monthly obligations totaling $550.00 for rent, telephone service, and child support.  ECF No. 4 at 1-2.

## DISCUSSION

Courts may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  28 U.S.C. § 1915(a)(1).  The Court must subject each civil action commenced pursuant to Section 1915(a) to mandatory screening and order the dismissal of any claim that it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or

seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1127 (9th Cir. 2000) (stating that 28 U.S.C. § 1915(e) "not only permits but requires" the court to dismiss a § 1915(a) complaint that fails to state a claim); <u>Calhoun v. Stahl</u>, 254 F.3d 845, 845 (9th Cir. 2001) (holding that the provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners).

  The Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction may be raised by the Court at any time.  See <u>United Investors Life Ins. Co. v. Waddell & Reed Inc.</u>, 360 F.3d 960, 966-67 (9th Cir. 2004); <u>Csibi v. Fustos</u>, 670 F.2d 134, 136 n.3 (9th Cir. 1982).  In order for a claim properly to be in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.

  Here, Plaintiff is alleging a claim against Defendant related to Defendant cashing Plaintiff's Social Security check without Plaintiff's permission.  There is no suggestion in the Complaint that Plaintiff's claim arises under the Constitution, laws, or treaties of the United States.  Plaintiff does not assert a claim against the Social Security Administration, and in fact, states that Defendant was Plaintiff's representative payee with Social Security and that Plaintiff has paid back to Social

Security the amount owed for the one check that was cashed while Plaintiff was incarcerated. See ECF No. 1. Plaintiff states that check fraud "can be punished by federal law"; however, he does not reference any statute of other authority that provides a federal private right of action. Although Plaintiff may have a claim based on Hawaii law for fraud, conversion, or misrepresentation, federal question jurisdiction is unavailable for claims based only on state law. See 28 U.S.C. § 1331.

Additionally, diversity jurisdiction does not appear to be available here because, based on Plaintiff's allegations, it appears that both Plaintiff and Defendant are citizens of Hawaii. See ECF No. 1. Diversity jurisdiction is unavailable in actions between parties who are citizens of the same state. See 28 U.S.C. § 1332(a). Also, Plaintiff does not seek damages of more than $75,000, which is a further requirement for diversity jurisdiction. Id.

Finally, Plaintiff states that he is seeking "possible jail time sentencing" for Defendant. To the extent Plaintiff is attempting to assert a claim against Defendant for any criminal violations, a civil complaint cannot state a claim for violation of a criminal statute. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no

amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).  Accordingly, the Court RECOMMENDS that the Complaint be DISMISSED without prejudice and Plaintiff be given leave to file an amended complaint, addressing the deficiencies identified above, no later than thirty days from the district court's adoption of this Findings and Recommendation.

If Plaintiff chooses to file an amended complaint, the document must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference.  See Local Rule 10.3.  Because the Court finds that the Complaint is deficient, the Court also RECOMMENDS that Plaintiff's Application be DENIED and that Plaintiff be given leave to file another Application if he chooses to file an amended complaint.

## CONCLUSION

The Court FINDS AND RECOMMENDS that the district court:

1) DISMISS Plaintiff's Complaint without prejudice;

2) GRANT Plaintiff leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the district court's adoption of this Findings and Recommendation; and

3)   DENY Plaintiff's Application with leave to file another Application if he chooses to file an amended complaint.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, APRIL 8, 2016.



_____
Richard L. Puglisi
United States Magistrate Judge

**OYADOMARI V. WILSON; CIVIL NO. 16-00141 DKW-RLP; FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES**