IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| WILLIAM K. OYADOMARI,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES "CHIP" WILSON,<br><br>Defendant. | CIVIL NO. 16-00141 DKW-RLP<br><br>**ORDER ADOPTING THE APRIL 8, 2016 FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES** |

**ORDER ADOPTING THE APRIL 8, 2016 FINDINGS AND RECOMMENDATION THAT THE DISTRICT COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY PLAINTIFF'S <u>APPLICATION TO PROCEED WITHOUT PREPAYING FEES</u>**

On April 8, 2016, the Magistrate Judge issued his Findings and Recommendation ("F&R"), suggesting that the Court dismiss this action without prejudice and deny Plaintiff William K. Oyadomari's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Dkt. No. 5. Before the Court is Oyadomari's objections to the Magistrate Judge's F&R. Dkt. No. 12. For the reasons set forth below, the Court ADOPTS the April 8, 2016

F&R, DISMISSES the action without prejudice, and DENIES Oyadomari's Application.

## **BACKGROUND**

On March 30, 2016, Oyadomari, proceeding pro se, filed a Complaint alleging that Defendant Charles Wilson cashed Oyadomari's Social Security check without permission while Oyadomari was incarcerated.  Dkt. No. 1.  The Complaint is difficult to decipher, but Oyadomari states that Wilson was his "rep-payee for Social Security"; that check fraud is a federal offense; that he had to "forfeit one social security check to payback federal social security"; and that his total payback was $741.00.  *Id.*  In addition, Oyadomari alleges that he made a police report and that Wilson admitted that he cashed Oyadomari's check in front of Honolulu Police Department officers, but because Wilson is an informant for the police, the police refused to apprehend Wilson for check fraud.  *Id.* at 1-2.  Oyadomari requests reimbursement from and "possible jail time sentencing" for Wilson.  *Id.* at 2.

On April 6, 2016, Oyadomari filed his Application, which stated that he is unemployed, receives $721.00 a month from Social Security, and has monthly obligations totaling $550.00 for rent, telephone service, and child support.  Dkt. No. 4.

On April 8, 2016, the Magistrate Judge entered his written F&R, in which he determined that, based on the allegations contained in the Complaint, the Court lacks subject matter jurisdiction.  Dkt. No. 5 at 3-5.  Because Oyadomari is proceeding pro se, however, the Magistrate Judge recommended that the Complaint be dismissed without prejudice and that Oyadomari be granted leave to amend.  Dkt. No. 5 at 5.  The Magistrate Judge further recommended that Oyadomari's Application be denied and that he be given leave to file another Application if he chooses to file an amended complaint.  *Id*.

On April 25, 2016, Oyadomari filed what he characterized as "objections" to the Magistrate Judge's F&R.  Dkt. No. 6.  Those objections provide in full:

> 1.  I Mistakenly wrote Charles Wilson committed fraud.  Not By cashing My checking Being My Repayee, But By Knowing I was incarcerated, and cashing My Check with that In mind. ALSO To spend it knowing I was Incarcerated.
>
> 2.  I'm suing Charles Wilson for the $710.00 from June 2015, from My Social Security check.  ALSO The State Made Me pay back that $710.00, so I'M suing Charles Wilson for the[] entire amount to Be pa[id] Back is $1,420.00.

*Id*.

There was no response to Oyadomari's objections.

## STANDARD OF REVIEW

When a party objects to a magistrate judge's findings or recommendations, the district court must review de novo those portions to which the objections are

made and "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1); *see also*

*United States v. Raddatz*, 447 U.S. 667, 673 (1980); *United States v. Reyna–Tapia*,

328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) ("[T]he district judge must review

the magistrate judge's findings and recommendations de novo *if objection is made*,

but not otherwise.").

       Under a de novo standard, this court reviews "the matter anew, the same as

if it had not been heard before, and as if no decision previously had been

rendered."  *Freeman v. DirecTV, Inc.*, 457 F.3d 1001, 1004 (9th Cir. 2006); *United

States v. Silverman*, 861 F.2d 571, 576 (9th Cir. 1988).  Although the district court

need not hold a de novo hearing, it is the court's obligation to arrive at its own

independent conclusion about those portions of the magistrate judge's findings or

recommendations to which a party objects.  *United States v. Remsing*, 874 F.2d

614, 618 (9th Cir. 1989).

       The district court may accept those portions of the findings and

recommendation that are not objected to if it is satisfied that there is no clear error

on the face of the record.  *Stow v. Murashige*, 288 F. Supp. 2d 1122, 1127 (D.

Haw. 2003).

# **DISCUSSION**

Oyadomari's "objections" attempt to clarify the basis of his Complaint and do not address, much less cure, the jurisdictional deficiencies identified by the Magistrate Judge's F&R.  Because Oyadomari's Complaint fails to provide a basis for this Court's jurisdiction, the Court agrees that dismissal is appropriate with leave to amend.

In order for a claim to be in the United States District Court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.  In recommending dismissal, the Magistrate Judge summarized the jurisdictional deficiency in the instant case as follows:

> Here, Plaintiff is alleging a claim against Defendant related to Defendant cashing Plaintiff's Social Security check without Plaintiff's permission.  There is no suggestion in the Complaint that Plaintiff's claim arises under the Constitution, laws, or treaties of the United States.  Plaintiff does not assert a claim against the Social Security Administration, and in fact, states that Defendant was Plaintiff's representative payee with Social Security and that Plaintiff has paid back to Social Security the amount owed for the one check that was cashed while Plaintiff was incarcerated.  See ECF No. 1.  Plaintiff states that check fraud "can be punished by federal law"; however, he does not reference any statute of other authority that provides a federal private right of action.  Although Plaintiff may have a claim based on Hawaii law for fraud, conversion, or misrepresentation, federal question jurisdiction is unavailable for claims based only on state law.  See 28 U.S.C. § 1331.

> Additionally, diversity jurisdiction does not appear to be available here because, based on Plaintiff's allegations, it appears that both Plaintiff and Defendant are citizens of Hawaii. Diversity jurisdiction is unavailable in actions between parties who are citizens of the same state.  See 28 U.S.C. § 1332(a).  Also, Plaintiff does not seek damages of more than $75,000, which is a further requirement for diversity jurisdiction.  Id.
>
> Finally, Plaintiff states that he is seeking "possible jail time sentencing" for Defendant.  To the extent Plaintiff is attempting to assert a claim against Defendant for any criminal violations, a civil complaint cannot state a claim for violation of a criminal statute.  See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Dkt. No. 5 at 4.

Oyadomari has failed to object to any portion of this summary.  As such, the Court may accept it, as long there is no clear error on the face of the record.  *See Stow*, 288 F. Supp. 2d at 1127.  Having reviewed the record, in particular Oyadomari's Complaint, the Court concludes that there is no clear error.  Even under a de novo review, the Court reaches the same conclusion.  To be clear, Oyadomari has failed to allege sufficient facts to show a proper basis for the Court to assert subject matter jurisdiction over the action for the reasons cited by the Magistrate Judge.  As such, dismissal of this action is appropriate. *See McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

The Magistrate Judge recognized, and this Court agrees, that "[u]nless it is absolutely clear that no amendment can cure the defect . . . a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior

to dismissal of the action." *Lucas v. Dep't of Corr.,* 66 F.3d 245, 248 (9th Cir. 1995).  Because amendment may be possible, the Court GRANTS leave to file an amended complaint, consistent with the terms of the April 8, 2016 F&R and this Court's Order, by **June 10, 2016**.  This Order limits Oyadomari to the filing of an amended complaint that attempts to cure the specific deficiencies identified in this Order.

If Oyadomari chooses to file an amended complaint, he is CAUTIONED that he must clearly identify the basis for this Court's subject matter jurisdiction. Oyadomari is further CAUTIONED that if he elects to file an amended complaint, he must pay the statutory filing fee or submit a fully executed application to proceed without prepayment of fees or costs.

## CONCLUSION

Based upon the foregoing, the Court hereby ADOPTS the April 8, 2016 F&R (Dkt. No. 5), DISMISSES Oyadomari's Complaint with leave to amend, and DENIES Oyadomari's Application.  Oyadomari is granted leave to file an amended complaint by no later than **June 10, 2016**. The Court cautions Oyadomari that the failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees by **June 10, 2016**, will result in the automatic dismissal of this action.

IT IS SO ORDERED.

DATED:  May 12, 2016 at Honolulu, Hawai'i.



Derrick K. Watson
United States District Judge

---

Oyadomari v. Wilson; CV 16-00141 DKW-RLP; ORDER ADOPTING THE
APRIL 8, 2016 FINDINGS AND RECOMMENDATION THAT THE DISTRICT
COURT DISMISS THE COMPLAINT WITH LEAVE TO AMEND AND DENY
PLAINTIFF'S APPLICATION TO PROCEED WITHOUT PREPAYING FEES