IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WILLIAM K. OYADOMARI,<br><br>Plaintiff,<br><br>vs.<br><br>CHARLES "CHIP" WILSON,<br><br>Defendant. | CIVIL NO. 16-00141 DKW-RLP<br><br>**ORDER DISMISSING CASE** |

### ORDER DISMISSING CASE

On March 30, 2016, Plaintiff William K. Oyadomari, proceeding pro se, filed a Complaint alleging that Defendant Charles Wilson cashed Oyadomari's Social Security check without permission while Oyadomari was incarcerated. Dkt. No. 1. On April 8, 2016, the Magistrate Judge issued his Findings and Recommendation ("F&R"), suggesting that the Court dismiss this action without prejudice and deny Oyadomari's Application to Proceed in District Court Without Prepaying Fees or Costs ("Application"). Dkt. No. 5. On May 12, 2016, the Court adopted the April 8, 2016 F&R, dismissed the action without prejudice, and denied Oyadomari's Application. Dkt. No. 7. The Court permitted Oyadomari leave to file an amended complaint by June 10, 2016. Dkt. No. 7 at 7. As of the date of

this order, Oyadomari has not filed an amended complaint.  Because Oyadomari has failed to comply with the Court's order, this action is DISMISSED.

## DISCUSSION

Federal Rule of Civil Procedure 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or for failure to comply with court orders.  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962) ("The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts.").  The court has discretion to dismiss a plaintiff's action for failure to comply with an order requiring him or her to file an amended pleading within a specified time period.  *Pagtalunan v. Galaza*, 291 F.3d 639, 640 (9th Cir. 2002).  Before dismissing an action for failure to prosecute, the court must weigh:  "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Id.* at 642 (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).  Upon careful consideration of these factors, the Court concludes that dismissal is warranted under the circumstances.

I.   **Expeditious Resolution and Need to Manage Docket**

The Court's May 12, 2016 Order was clear: "Oyadomari is granted leave to file an amended complaint by no later than **June 10, 2016**. The Court cautions Oyadomari that the failure to file an amended complaint, along with the required filing fee or a fully executed application to proceed without prepayment of fees by **June 10, 2016**, will result in the automatic dismissal of this action." Dkt. No. 7 at 7. The Court unambiguously advised Oyadomari that he must file an amended complaint by June 10, 2016, or risk dismissal of the action. Oyadomari's failure to do so hinders the Court's ability to move this case forward and indicates that Oyadomari does not intend to litigate this action diligently. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("The public's interest in expeditious resolution of litigation always favors dismissal."). Accordingly, the public's interest in expeditious resolution of litigation, and the Court's need to manage its docket both favor dismissal.

II.  **Prejudice to Defendant**

The risk of prejudice to a defendant is related to the plaintiff's reason for failure to prosecute an action. *See Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 191 F.3d at 991). When a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing party is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991–92. Here, Oyadomari offers no excuse, much less an

unsatisfactory one, to explain his failure to file an amended complaint. This factor favors dismissal.

### III. Availability of Less Drastic Alternatives

The Court attempted to avoid outright dismissal of this action by giving Oyadomari 29 days leave to amend. *See Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) ("The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives."). Additional time beyond the June 10, 2016 deadline has now passed. Alternatives to dismissal are not appropriate given Oyadomari's failure to meaningfully participate in his own litigation.

### IV. Public Policy

Although public policy favors the disposition of cases on their merits, it is the responsibility of the complaining party to prosecute the action at a reasonable pace and to refrain from dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir.1991). Oyadomari failed to discharge these responsibilities, despite the Court's express warning about the possibility of dismissal. The Court acknowledges that public policy favors disposing of cases on their merits. However, because four of the *Ferdik* factors favor dismissal, this lone factor is outweighed by the others.

## **CONCLUSION**

For the foregoing reasons, the Court DISMISSES this action. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

DATED: June 15, 2016 at Honolulu, Hawaiʻi.

Derrick K. Watson
United States District Judge

Oyadomari v. Wilson; CV 16-00141 DKW-RLP; ORDER DISMISSING CASE